IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KAJEET, INC., | § § § | |
| Plaintiff, | § | Case No. 6:21-cv-389-ADA |
| v. | § § § | **JURY TRIAL DEMANDED** |
| TREND MICRO INC., | § § § | |
| Defendant. | § | |

# **JOINT MOTION FOR ENTRY OF [PROPOSED] SCHEDULING ORDER**

Pursuant to the Order Governing Patent Proceedings – Patent Case, Plaintiff Kajeet, Inc. and Defendant TREND MICRO, INC. ("Defendant") hereby submit the following Joint Motion for entry of a [Proposed] Scheduling Order. Plaintiff and Defendant agree on all dates, but disagree as to which party shall file the opening claim construction and responsive briefs, respectively.

Plaintiff's Position

Kajeet proposes a scheduling order in accordance with the Court's most recent Order Governing Proceedings – Patent Case from June 24, 2021 ("Order") which calls for the Defendant to file the Opening claim construction brief followed by Plaintiff filing a Responsive claim construction brief. The Order indicates that it shall apply retroactively in cases such as this where the Opening Markman brief is more than 30 days after the date of the Order. (Order, at p. 4, fn. 4).

Trend Micro's comments below regarding its Motion to Dismiss are irrelevant to the scheduling issues, and the Motion has been fully briefed. Prior to filing the Opening claim construction brief, Defendant will have Plaintiff's constructions for the disputed terms and the parties will have had a meet and confer to discuss their respective positions. The simple fact that the Defendant has raised a non-infringement issue is no basis to deviate from the Court's typical Scheduling Order. Accordingly, Kajeet respectfully requests that the Court enter Plaintiff's Proposed Schedule.

Defendant's Position

Defendant requests a scheduling order reflecting that Plaintiff file the opening claims construction brief, Defendant file the responsive claims construction brief, Plaintiff file the reply brief, and Defendant file the sur-reply. This briefing sequence is consistent with the parties' respective burdens of proof, and is appropriate here, where Defendant has moved to dismiss plaintiff's complaint for failure to state a claim because, *inter alia*, the allegations of the complaint

1

and attached Product Guide show that the accused products do not meet the limitations of the Claim asserted. Kajeet should be tasked with setting forth its claim construction positions at the outset given the conflicting positions it has presented to this Court. As outlined in Trend Micro's Motion to Dismiss, the Complaint acknowledges that the claims of the '559 patent require policies that are set and stored remote from the managed device. (Dkt. No. 1 ¶¶ 18, 34-37). Without citation to the attached Product Guide, which provides specific detail as to the set up and operation of the accused products, Kajeet then concludes that the accused products operate in the same manner – i.e., where the policies are set and stored remotely from the managed device. (Dkt. No. 1 at ¶ 24)). However, Product Guide explicitly makes clear that the policies are set and stored on the managed device itself – in direct contradiction with Kajeet's conclusory infringement allegations. In its opposition, Kajeet attempts to side step this glaring inconsistency by arguing that while the policies may be "selected using the device to be controlled," they still meet the claim limitation because the controlled device are still somehow "based on policies stored at a server." (Dkt. 14, at 10). Aside from being nonsensical, this construction extends well beyond the plain and ordinary meaning of the claim terms and one that Kajeet should be required to present at the outset as part of its burden for alleging infringement. For at least this reason, Kajeet should open with its claim constructions for the asserted claim terms. (*See* Dkt. 8).

The parties' respective proposed schedules are set forth below:

**PLAINTIFF'S PROPOSED SCHEDULE**

| Deadline | Item |
|---|---|
| July 19, 2021 | Plaintiff serves preliminary[1] infringement contentions in the |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of the court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any

| Deadline | Item |
|---|---|
|  | form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| July 26, 2020 | Case Management Conference |
| August 9, 2021 | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| September 13, 2021 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| September 27, 2021 | Parties exchange claim terms for construction. |
| October 11, 2021 | Parties exchange proposed claim constructions. |
| October 18, 2021 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of |

---

such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Deadline | Item |
|---|---|
| | extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| October 25, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| November 5, 2021 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| December 3, 2021 | Plaintiff files Responsive claim construction brief. |
| December 17, 2021 | Defendant files Reply claim construction brief. |
| January 10, 2022 | Plaintiff files Sur-Reply claim construction brief. |
| January 13, 2022 | Parties submit Joint Claim Construction Statement.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| January 17, 2022 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| January 24, 2022 | *Markman* Hearing, at Court's discretion |

**DEFENDANT'S PROPOSED SCHEDULE**

| Deadline | Item |
|---|---|
| July 19, 2021 | Plaintiff serves preliminary[4] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

[4] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of the court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Deadline | Item |
|---|---|
|  | documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| July 26, 2020 | Case Management Conference |
| August 9, 2021 | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| September 13, 2021 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| September 27, 2021 | Parties exchange claim terms for construction. |
| October 11, 2021 | Parties exchange proposed claim constructions. |
| October 18, 2021 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[5] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| October 25, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |

---

[5] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

5

| Deadline | Item |
|---|---|
| November 5, 2021 | Plaintiff files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| December 3, 2021 | Defendant files Responsive claim construction brief. |
| December 17, 2021 | Plaintiff files Reply claim construction brief. |
| January 10, 2022 | Defendant files Sur-Reply claim construction brief. |
| January 13, 2022 | Parties submit Joint Claim Construction Statement.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| January 17, 2022 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[6] |
| January 24, 2022 | *Markman* Hearing, at Court's discretion |

August 9, 2021                                         Respectfully Submitted,

/s/ Corby R. Vowell
Jonathan T. Suder
Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817-334-0400
Fax: 817-334-0401
jts@fsclaw.com
mtc@fsclaw.com
vowell@fsclaw.com
wojcio@fsclaw.com

**ATTORNEYS FOR KAJEET, INC.**

---

[6] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

        /s/ Katherine P. Chiarello
Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@wittliffcutter.com
WITTLIFF | CUTTER, PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 649.2434 office
(512) 960.4869 facsimile

Charanjit Brahma (pro hac vice)
Benesch Friedlander Coplan & Aronoff LLP
One Market Street, Spear Tower
36th Floor
(628) 600.2241 office
(628) 221.5828 facsimile

Manish Mehta (pro hac vice)
Benesch Friedlander Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
(312) 212.4953 office
(628) 221.5828 facsimile

***Attorneys for Defendant Trend Micro Incorporated***

# CERTIFICATE OF SERVICE

    Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 9, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

        /s/ Katherine P. Chiarello
Katherine P. Chiarello