# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| KAJEET, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 6:21-CV-389-ADA |
| | ) | |
| v. | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| TREND MICRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TREND MICRO, INC.'S OPPOSED MOTION FOR TRANSFER OF VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA OR ALTERNATIVELY TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1
FACTUAL BACKGROUND .............................................................................................. 2
LEGAL STANDARD .......................................................................................................... 4
ARGUMENT ........................................................................................................................ 5
I.  THE NORTHERN DISTRICT OF CALIFORNIA IS A PROPER VENUE AND IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION. ................................. 5
   A.  This Case Could Have Originally Been Filed in the Northern District of California. .................................................................................................................. 5
   B.  The § 1404(a) Factors Demonstrate that the Northern District of California Is Clearly the More Convenient Venue. ................................................................... 6
      1.  Relative Ease of Access to Sources of Proof ............................................. 6
      2.  Availability of Compulsory Process to Secure the Attendance of Witnesses ........... 7
      3.  Cost of Attendance For Willing Witnesses ................................................ 8
      4.  All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive ................................................................................................. 10
      5.  Administrative Difficulties Flowing From Court Congestion ............................... 11
      6.  Local Interest in Having Localized Interests Decided at Home ........................... 11
      7.  Familiarity of the Venue With the Law That Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law ................................................................................................. 12
II. IN THE ALTERNATIVE, THE CASE SHOULD BE TRANSFERRED TO AUSTIN ................................................................................................................ 12
CONCLUSION ................................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Auto-Dril, Inc. v. Pason Sys. USA Corp.*,
    No. 6:15-cv-00093, 2015 WL 1280779 (W.D. Tex. June 29, 2015) ........................................7

*Datascape, Ltd. v. Dell Techs., Inc.*,
    No. 19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019)
    (Albright, J.) ..........................................................................................................2, 5, 13

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) .........................................................................................7, 8

*Hammond Dev. Int'l, Inc. v. Amazon.com Inc.*,
    No. 6:19-cv-00355-ADA (W.D. Tex. Mar. 30, 2020) (Albright, J.) ............................... *passim*

*In re Hoffmann-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009) ...........................................................................................12

*In re Hulu, LLC*,
    __ Fed. Appx. __, 2021 WL 3278194 (Fed. Cir. 2021) ..................................................8, 9, 11

*Kajeet, Inc. v. Circle Media Labs, Inc.*,
    No. 8:18-cv-01312 (C.D. Cal. Jul. 27, 2018) .....................................................................3, 12

*Kajeet, Inc. v. Infoweise Pty., Ltd.*,
    No. 6:21-cv-00704 (W.D. Tex.) ...........................................................................................11

*Kajeet, Inc. v. Lightspeed Solutions, LLC*,
    No. 6:20-cv-203-ADA (W.D. Tex.) ..............................................................................2, 3, 11

*Kajeet, Inc. v. Lumen Technologies, Inc.*,
    No. 6:21-cv-00705 (W.D. Tex) .............................................................................................11

*Kajeet, Inc. v. Qustodio, LLC*,
    No. 8:18-cv-01519 (C.D. Cal. Aug. 24, 2018) ..................................................................3, 12

*Kajeet, Inc. v. Viasat, Inc.*,
    No. 6:21-cv-00707 (W.D. Tex.) ...........................................................................................11

*MasterObjects, Inc. v. Facebook, Inc.*,
    No. 6-20-cv-00087-ADA (W.D. Tex. Jul. 13, 2021) ..............................................................6

*In re Microsoft*,
    2010 WL 4630219 (Fed. Cir. Nov. 8, 2010) .........................................................................10

*Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*,
  No. 14-cv-464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014)..............................5, 6, 10, 13

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ...................................................................................4, 5, 6, 10

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988)...................................................................................................................4

*In re Volkswagen of Am. Inc.*,
  545 F.3d 304 (5th Cir. 2008) ...................................................................................................4

*In re Volkswagen*,
  371 F.3d 201 (5th Cir. 2004) ................................................................................................4, 5

*In re Zimmer Holdings*,
  609 F.3d 1378 (Fed. Cir. 2009)..............................................................................................10

## Statutes

28 U.S.C. § 1404(a) ........................................................................................................... *passim*

Defendant Trend Micro, Inc. ("Trend Micro" or "Defendant") seeks an inter-district transfer to the Northern District of California under 28 U.S.C. § 1404(a). Alternatively, Trend Micro seeks an intra-district transfer to the Austin Division of the Western District of Texas. This case has no relevant connections to the Waco Division, and the Northern District of California and the Austin Division are more convenient venues for both parties.

## INTRODUCTION

There is no apparent reason why Plaintiff Kajeet, Inc. ("Kajeet") needed to file this case in the Waco Division. Kajeet alleges no presence or business location in the Waco Division or even in the Western District of Texas. Indeed, Kajeet alleges that it is incorporated in Delaware with its headquarters in McLean, Virginia. (Dkt. No. 1 at ¶ 1.) Upon information and belief, none of the named inventors of the patent-in-suit reside in this District.

Trend Micro is a California corporation and its U.S. location primarily related to the accused products is in San Jose, California, which houses the marketing and advertising teams responsible for the accused products. The research and development relating to the accused products is located in its foreign office in Taipei, Taiwan, and it is more convenient for any potential witnesses from there to travel to the San Jose office than Waco. Most of the documents relevant to this case will likely be collected from, or made available at, the San Jose office, including the source code, back-up source code, and legacy source code for the accused products, all of which can be made available for inspection there. While Trend Micro has a location in Austin, Texas, the work done in that location is unrelated to the accused products in this case. And Trend Micro's office in Irving, Texas is only responsible for the sales and financials for the accused products. Consequently, the Northern District of California, which encompasses San Jose, is a more convenient venue for both parties and actual and potential witnesses.

1

Even if this Court decides not to transfer this case to the Northern District of California, intra-district transfer to the Austin Division, where Trend Micro has an office, is appropriate. Like Kajeet, Trend Micro has no offices or employees working in the Waco Division. As such, this Court should follow its *Datascape* decision and transfer this matter to the Northern District of California, or alternatively to the Austin Division, both of which are more convenient venues than the Western District of Texas.

Pursuant to L.R. 7(g) of the Western District of Texas, the parties have met and conferred on July 9, 2021, regarding Trend Micro's request to transfer venue. The parties were unable to reach any agreement.

## FACTUAL BACKGROUND

Kajeet alleges that Trend Micro infringes its patented technology regarding "control schemes implemented on communication devices." (Dkt. 1 at ¶ 11.) Kajeet chose to file its complaint in Waco, alleging proper venue based on Trend Micro's contacts to the Western District of Texas. However, Kajeet has failed to plead that either party has relevant connections in the Waco Division itself.

Indeed, neither party has any relevant connection to the Waco Division. Kajeet is organized under the laws of the State of Delaware, and its principal place of business is in McLean, Virginia. (*Id.* at ¶ 1.) Kajeet has not alleged any business in or contacts with Waco.

Knowing this, Kajeet ultimately chose not to oppose a motion to transfer a case involving the same patent from the Waco Division to the Austin Division just last year. *Kajeet, Inc. v. Lightspeed Solutions, LLC*, Case No. 6:20-cv-203-ADA, Dkt. Nos. 32, 37 (W.D. Tex.). In the *Lightspeed* case, Kajeet initially opposed the motion to transfer the case to the Austin Division for proceedings up to trial on the grounds that two other cases were pending in the Waco Division

because of alleged judicial efficiencies, but did not oppose the request to hold the trial in the Austin Division.  *Id*. at Dkt. No. 32.  Kajeet ultimately withdrew its opposition to transfer the entire case to the Austin Division upon the resolution of the other two cases pending in the Waco Division.  *Id*. at Dkt. No. 37.

Moreover, Kajeet has previously considered district courts in California more convenient, as it brought numerous suits there, involving the same patent-in-suit, against Delaware corporations.  *See, e.g.*, *Kajeet, Inc. v. Qustodio, LLC*, No. 8:18-cv-01519, Dkt. No. 1 (C.D. Cal. Aug. 24, 2018); *Kajeet, Inc. v. Circle Media Labs, Inc.*, No. 8:18-cv-01312, Dkt. No. 1 (C.D. Cal. Jul. 27, 2018).

Trend Micro is a multi-national corporation organized under the laws of California.  (Ex. A (Declaration of Ian Grutze ("Grutze Decl.") at ¶ 4).)  Its U.S. employees knowledgeable about the advertising and marketing of the accused products are employed at its office in San Jose, California.  (*Id.* at ¶ 5.)  Information and documents relating to the research, design, and development of the accused products will likely be collected from its overseas office in Taipei, Taiwan.  (*Id.* at ¶ 6.)  Although Trend Micro's U.S. headquarters is in Irving, Texas and has an office in Austin, Texas, Trend Micro has no offices in the Waco Division.  (*Id.* at ¶ 9.)  The individuals knowledgeable about the sales of the accused products are employed in the Irving office.  (*Id.* at ¶ 9.)  None of the employees in the Austin office have responsibilities related to the accused products.  (*Id.* at ¶ 7.)  All legacy versions of source code and all back-ups of such code can be made available from the San Jose office.  (*Id.* at ¶ 11.)  Accordingly, Trend Micro will likely identify and/or designate one or more of the employees from its San Jose and Irving offices as fact and/or corporate witnesses.  (*Id.* at ¶¶ 5, 8.)

## LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides that, "for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Hammond Dev. Int'l, Inc. v. Amazon.com Inc.*, No. 6:19-CV-00355-ADA, Dkt. No. 65, at 2 (W.D. Tex. Mar. 30, 2020) (Albright, J.). In *Radmax*, the Fifth Circuit confirmed that § 1404(a) applies to both transfers between districts as well as transfers between divisions within the same district. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) ("The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another.").

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Under § 1404(a), the first step to determine whether transfer is appropriate is to consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). "If so, in the Fifth Circuit, the determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Hammond*, No. 6:19-CV-00355-ADA, Dkt. No. 65, at 2 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)) (internal quotations omitted).

The § 1404(a) private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that makes trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004) (citing

4

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* When the factors strongly weigh in favor of the transferee forum, the transferee forum is "clearly more convenient" than the plaintiff's chosen forum, and the court must order transfer. *Radmax*, 720 F.3d at 290 (finding the transferee court to be "clearly more convenient" when three factors pointed toward transfer and five were neutral); *Hammond*, No. 6:19-CV-00355-ADA, Dkt. No. 65, at 11 (ordering transfer where three factors pointed toward transfer and the rest were neutral).

Where another venue is proper and all factors either point toward transfer or are neutral, transfer is required. *See, e.g.*, *Datascape, Ltd. v. Dell Techs., Inc.*, No. 19-CV-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) (Albright, J.) (reapplying *Radmax* and granting transfer from the Waco Division to the Austin Division).

## ARGUMENT

**I.   THE NORTHERN DISTRICT OF CALIFORNIA IS A PROPER VENUE AND IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION.**

**A.   This Case Could Have Originally Been Filed in the Northern District of California.**

Under § 1404(a), the first inquiry is whether the action could have been brought in the Northern District of California. Trend Micro regularly conducts business in San Jose, where it has a major office and conducts activities related to the accused products, and is incorporated in California. (Ex. A at ¶¶ 4, 5.) Thus, venue is appropriate in the Northern District of California as Kajeet could have filed this case there. *See Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*,

5

No. 14-CV-464, 2014 WL 12479284, at *1 (W.D. Tex. Aug. 12, 2014). As such, the threshold inquiry under § 1404(a) is satisfied.

> **B.  The § 1404(a) Factors Demonstrate that the Northern District of California Is Clearly the More Convenient Venue.**

The § 1404(a) factors demonstrate that the Northern District of California is clearly a more convenient venue than the Waco Division. Four factors (three private interest factors and one public interest factor) favor transfer, and the remaining factors are neutral. Thus, transfer is warranted. *Radmax*, 720 F.3d at 290 (finding that three factors favoring transfer and five remaining neutral compelled transfer); *Hammond*, No. 6:19-CV-00355-ADA, Dkt. No. 65, at 11 (ordering transfer where three factors favored transfer and the remaining factors were neutral); *Mimedx*, 2014 WL 12479284, at *3 (granting motion to transfer venue where four factors favored transfer and four were neutral).

> 1.  *Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Hammond*, No. 6:19-CV-00355-ADA, Dkt. No. 65, at 4 (citing *In re Volkswagen*, 545 F.3d at 316). "This Court, in following Federal Circuit precedent, has made clear that witnesses are not sources of proof to be analyzed under this factor. Under this factor, the Court considers only documents and physical evidence." *MasterObjects, Inc. v. Facebook, Inc.*, No. 6-20-CV-00087-ADA, Dkt. No. 86, at 5 (W.D. Tex. Jul. 13, 2021).

Here, Kajeet accuses "all versions of the Trend Micro Premium Security Suite, Maximum Security, Internet Security, and Mobile Security products" of infringing its patent. (Dkt. 1 at ¶ 21.) Trend Micro's relevant advertising, marketing, promotional materials, and other documents will

likely be collected from its San Jose office and from custodians located there. (Ex. A at ¶ 5.) The design and development information, including legacy and current source code of the accused products, are located in the Taipei office. (*Id*. at ¶ 6.) This information, some of which may qualify as prior art, can be made available for inspection at its office in San Jose. (*Id.* at ¶ 11.) Trend Micro is unaware of any documents relevant to this case that are present in the Western District of Texas or, more specifically, the Waco Division. (*Id.* at ¶ 9.) In sum, the vast bulk of the relevant documents in this case for Trend Micro will be collected from, or made available through, Trend Micro's San Jose office.

Further, Kajeet has no operations in the Waco Division. It has its headquarters in McLean, Virginia. (Compl. at ¶ 1.) And Kajeet has not alleged any connection to the Waco Division. Thus, it would appear that all of the relevant proof on Kajeet's side resides outside of the Western District of Texas and the Waco Division.

Since relevant sources of proof are located at Trend Micro's San Jose office, and none are located in the Waco Division, **this factor favors transfer**. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." (citations omitted)) (applying Fifth Circuit law).

        2.    *Availability of Compulsory Process to Secure the Attendance of Witnesses*

Courts in the Western District of Texas have found this factor to be neutral "where the parties have not alleged that non-party witnesses are unwilling to testify." *Auto-Dril, Inc. v. Pason Sys. USA Corp.*, 6:15-CV-00093, 2015 WL 1280779, at *3 (W.D. Tex. June 29, 2015) (quoting *Healthpoint, Ltd. v. Derma Scis., Inc.*, 939 F. Supp. 2d 680, 689 (W.D. Tex. 2013)). At this time, Trend Micro is not aware of, and Kajeet has not identified, any third party witnesses who are unwilling to attend trial who reside in the Waco Division. Thus, since there are no identified

7

unwilling witnesses, and any such witnesses could be compelled to attend trial, this factor is at best **neutral**.

        3.    *Cost of Attendance For Willing Witnesses*

"The convenience of witnesses is the single most important factor in the transfer analysis." *Hammond*, No. 6:19-CV-00355-ADA, Dkt. No. 65, at 5 (citing *Genentech*, 566 F.3d at 1342). As previously mentioned, the bulk of the evidence in a patent infringement case comes from the alleged infringer. *Genentech*, 566 F.3d at 1345. Here, none of the potential party witnesses, particularly Trend Micro's employees expected to have relevant information, are located in the Western District of Texas or the Waco Division. (Ex. A at ¶ 9.)

For example, Kajeet has not alleged the presence of any relevant personnel or witnesses in Texas, much less Waco. Nor are Trend Micro's relevant witnesses located in Waco; the majority of its U.S. witnesses with knowledge and responsibilities for the accused products in this case are located in San Jose. (*Id*. at ¶ 5.) As such, Trend Micro's employees can easily and conveniently travel to courthouses in the Northern District of California—the San Jose Division is roughly five (5) miles from Trend Micro's San Jose office—for any legal proceedings. Trend Micro is unaware of any witnesses located in the Waco Division and does not believe any of its employees in the Western District of Texas have any knowledge relevant to this case. (*Id*. at ¶ 9.) Thus, the presence of Trend Micro's willing witnesses in the transferee venue favors transfer. *See, e.g.*, *In re Hulu, LLC*, __ Fed. Appx. __, 2021 WL 3278194, at *4 (Fed. Cir. 2021) (finding identification of willing witnesses in transferee venue "tip[s] this factor toward favoring transfer").

Trend Micro also expects that some of its employees in Taipei, Taiwan will have relevant technical knowledge and may be called to testify. (Ex. A at ¶ 6.) For those employees, travel to the Northern District of California is, without a doubt, substantially easier. For example, a search on Google Flights shows multiple direct flights from Taipei, Taiwan to San Francisco, in just under

8

12 hours.[1]  On the contrary, the same search from Taipei to Waco shows no direct flights, some with two or three connections — exceeding 17 hours (some exceeding 20 hours) — and all flying into Dallas Fort-Worth.[2]  Thus, travel from Taipei to San Jose is much more convenient for Trend Micro's foreign witnesses.

Additionally, transferring this action to the Northern District of California would allow Trend Micro's domestic witnesses to continue to work from its San Jose office and remain in their homes during the pendency of the trial and other important proceedings.  Likewise, any foreign Trend Micro witnesses would be able to work from its San Jose office.  In contrast, if the trial is held in Waco, Trend Micro's witnesses would be forced to work remotely (and miss time from work for travel) and they or Trend Micro would bear significant expenses in the form of lodging, transportation, and meals.  By transferring this action to the Northern District of California, the Court can avoid subjecting Trend Micro's witnesses to these unnecessary costs.  *See Hulu*, 2021 WL 3278194, at *5 (finding it was not proper to "discount[] the inconvenience to" defendant's willing witnesses).

As for Kajeet's witnesses located near its principal place of business in McLean, Virginia, San Jose would still be a less expensive and more convenient venue than Waco because of the availability of direct flights to San Jose.  A search on Google Flights reveals no direct flights from McLean to Waco, but does reveal direct flights from McLean to San Francisco.[3]  As such, even

---

[1] San Jose is a 1-hour drive from San Francisco.

[2] Dallas is a 1.5-hour drive to Waco.

[3] The closest airport to McLean, Virginia is Ronald Reagan Washington National Airport in Washington, DC.  A search of various date ranges on Google Flights shows the availability of non-stop flights to San Francisco.  Roundtrip Flights from Ronald Reagan Washington National Airport, Google Flights, https://www.google.com/travel/flights (enter "McLean" in the "Where from?" field and enter "San Francisco" in the "Where to?" field).  A similar Google Flight search

Kajeet's own witnesses would be inconvenienced by the additional travel time required to fly or drive to Waco, compared to the option of a quicker direct flight to San Jose. As a result, for all such witnesses requiring air travel (either Trend Micro witnesses from Taipei, or Kajeet's witnesses and inventors from McLean), San Jose likely represents a more convenient venue. *See In re Zimmer Holdings*, 609 F.3d 1378, 1381 (Fed. Cir. 2009) (granting transfer when plaintiff had a principal place of business in Texas, but no employees in Texas); *In re Microsoft*, 2010 WL 4630219, at *3-4 (Fed. Cir. Nov. 8, 2010) (granting transfer because plaintiff had no employees in Texas, even though plaintiff incorporated in Texas and had a principal place of business and documents in Texas).

In sum, because many of the relevant witnesses are located in the Northern District of California, whereas none are located in the Waco Division, and traveling to California is less expensive and more convenient than flying to Waco for those witnesses outside of California, **this factor points towards transfer**.

        4.    *All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive*

Transfer is favored under this factor when cases are at their earliest stages. *Mimedx*, 2014 WL 12479284, at *2. Having been filed in late April 2021, this case is still at the earliest stages. Trend Micro's motion to dismiss has only recently been fully briefed (*see* Dkt. No. 15), and the Court has not yet entered a scheduling order. Thus, transferring to the Northern District of California would not cause any meaningful delay. *Radmax*, 720 F.3d at 289 ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a)

---

revealed no non-stop flights from Ronald Reagan Washington National Airport to Waco, TX. *Id.* (enter "McLean" in the "Where from?" field and enter "Waco" in the "Where to?" field).

10

motion to transfer."). Indeed, as mentioned above, transferring to San Jose would save witnesses time and expense.

Also, in *Lightspeed*, Kajeet did not oppose a motion to transfer the case out of the Waco Division – an acknowledgment that other venues may be more convenient for Kajeet as well. The fact that two other cases involving the same patent-in-suit are pending in the Waco Division at the time of the filing of this motion does not weigh against transfer.[4] Both of those cases were recently brought, involve different defendants, and there is no overlap between the accused technology. It is also unclear whether the defendants in those cases will also seek a transfer in view of their lack of connections to the Waco Division. Any argument of efficiencies gained by maintaining these cases in the same division at their early stage in the proceedings is speculative at best. As such, this **factor weighs in favor of transfer**.

5.  *Administrative Difficulties Flowing From Court Congestion*

Trend Micro is not aware of any administrative difficulties flowing from court congestion in either the Northern District of California or the Western District of Texas (in either Division), and Kajeet has not identified any thus far. *Hulu*, 2021 WL 3278194, at *5 ("'a court's general ability to set a fast-paced schedule is not particularly relevant to' the court congestion factor."). In such instances, this Court has routinely found this factor **neutral**. *See, e.g.*, *Hammond*, No. 6:19-CV-00355-ADA, Dkt. No. 65, at 8.

6.  *Local Interest in Having Localized Interests Decided at Home*

As previously mentioned, Trend Micro is a California corporation with a major office in San Jose. Trend Micro regularly conducts business relating to the accused products there. (Ex. A

---

[4] *See Kajeet, Inc. v. Viasat, Inc.*, Case No. 6:21-cv-00707 (W.D. Tex.); *Kajeet, Inc. v. Infoweise Pty., Ltd.*, Case No. 6:21-cv-00704 (W.D. Tex.); *Kajeet, Inc. v. Lumen Technologies, Inc.*, Case No. 6:21-cv-00705 (W.D. Tex.).

11

at ¶¶ 4-5.)  Thus, there is a substantial interest in the Northern District of California (and particularly, the San Jose Division) in having this dispute resolved locally.  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (noting that the local interest is "strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community").

Trend Micro is not aware of, and indeed Kajeet has failed to identify, any connection with the Waco Division such that there are localized interests in having the case decided here.  Since Trend Micro conducts business in California, and Kajeet has not alleged otherwise, and since San Jose is home to the relevant Trend Micro U.S. employees, **this factor strongly favors transfer**.[5]

> 7. *Familiarity of the Venue With the Law That Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

The remaining factors are neutral.  The Northern District of California has experience with adjudicating patent cases, and there are apparent no conflict-of-law issues in this litigation.  These factors are thus **neutral**.

**II.  IN THE ALTERNATIVE, THE CASE SHOULD BE TRANSFERRED TO AUSTIN.**

The Court should transfer this case to the Northern District of California.  But, if it declines to do so because Trend Micro has an office and employs personnel (even though they do not appear to have information relevant to this case) in Austin, the Court should then transfer the case to the Austin Division.  Indeed, for the reasons set forth above, the Austin Division clearly represents a

---

[5] Kajeet has previously availed itself to the Central District of California in other matters involving the Patent-in-Suit. *See, e.g.*, *Kajeet, Inc. v. Qustodio LLC*, No. 8:18-cv-01519, Dkt. No. 1 (C.D. Cal. Aug. 24, 2018); *Kajeet, Inc. v. Circle Media Labs, Inc.*, No. 8:18-cv-01312, Dkt. No. 1 (C.D. Cal. Jul. 27, 2018).

more convenient venue for both parties and their witnesses, and one that Kajeet has not opposed a transfer to in the past.

Trend Micro maintains an office in Austin with roughly 140 employees. (Ex. A at ¶ 7.) Even for Trend Micro's San Jose employees, travel from San Jose to Austin is substantially more convenient than traveling to Waco, and it would afford the employees a Trend Micro office to work out of during the pendency of trial and other proceedings. *Hammond*, No. 6:19-CV-00355-ADA, Dkt. No. 65, at 10 (finding this factor weighs in favor of transfer where defendant had offices and employees in Austin, and where components of the accused products were designed and developed in Austin). Indeed, as mentioned above, even for Kajeet's witnesses, travel to Austin is more convenient than travel to Waco.

Likewise, because of Trend Micro's physical presence in Austin, the local interest favors transfer. *Datascape*, 2019 WL 4254069, at *3 (finding the localized interest factor to strongly weigh in favor of transfer to Austin where the defendant "has relevant operations in Austin" and where "[t]he outcome of the instant action likely affects local Austin interests more acutely than local Waco interests"); *Mimedx*, 2014 WL 12479284, at *3 ("Defendants and their employees are local to the San Antonio area. The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests.").

All of the other factors a neutral. *See Hammond*, No. 6:19-CV-00355-ADA, Dkt. No. 65, at 10 (finding neutral familiarity of patent laws between Waco and Austin); *Datascape*, 2019 WL 4254069, at *1 (finding this factor to be neutral between the Austin and Waco divisions).

Thus, Trend Micro respectfully requests this Court in the alternative transfer this case to the Austin Division should it deny Trend Micro's request to transfer the case to the Northern District of California.

## CONCLUSION

For the foregoing reasons, Trend Micro respectfully requests this Court transfer the case to the Northern District of California or, in the alternative, to the Austin Division.

Dated: August 9, 2021                             Respectfully submitted,


By: */s/ Katherine P. Chiarello*
Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@wittliffcutter.com

WITTLIFF | CUTTER, PLLC
1209 Nueces Street
Austin, Texas 78701
Tel: (512) 649.2334
Fax: (512) 960.4869

Charanjit Brahma, pro hac vice
BENESCH FRIEDLANDER
    COPLAN & ARONOFF LLP
One Market Street, Spear Tower
36th Floor
San Francisco, CA 94105
Tel: (628) 600.2241
Fax: (628) 221.5828
CBrahma@beneschlaw.com

Manish Mehta, pro hac vice
BENESCH FRIEDLANDER
    COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Tel: (312) 212.4953
Fax: (628) 221.5828
MMehta@beneschlaw.com

***Attorneys for Defendant Trend Micro Incorporated***

## **CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 9, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                        */s/ Katherine P. Chiarello*
                                        Katherine P. Chiarello