IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KAJEET, INC., § | |
| § | |
| Plaintiff, § | Case No. 6:21-cv-389-ADA |
| § | |
| v. § | **JURY TRIAL DEMANDED** |
| § | |
| TREND MICRO INC., § | |
| § | |
| Defendant. § | |

## NOTICE OF [PROPOSED] SCHEDULING ORDER

Pursuant to the Order Governing Patent Proceedings – Patent Case, Plaintiff KAJEET, INC. and Defendant TREND MICRO, INC. hereby provide the following Notice of [Proposed] Scheduling Order:

| **Deadline** | **Item** |
|---|---|
| July 19, 2021 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of the court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

1

| Deadline | Item |
|---|---|
| July 26, 2021 | Case Management Conference |
| August 9, 2021 | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| September 13, 2021 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| September 27, 2021 | Parties exchange claim terms for construction. |
| October 11, 2021 | Parties exchange proposed claim constructions. |
| October 18, 2021 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Deadline | Item |
|---|---|
|  |  |
| October 25, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| November 5, 2021 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| December 3, 2021 | Plaintiff files Responsive claim construction brief. |
| December 17, 2021 | Defendant files Reply claim construction brief. |
| January 10, 2022 | Plaintiff files Sur-Reply claim construction brief. |
| January 13, 2022 | Parties submit Joint Claim Construction Statement. *See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| January 17, 2022 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| January 24, 2022 | *Markman* Hearing, at Court's discretion |

August 20, 2021

Respectfully Submitted,

/s/ Corby R. Vowell
Jonathan T. Suder
Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817-334-0400/Fax: 817-334-0401
jts@fsclaw.com
mtc@fsclaw.com
vowell@fsclaw.com
wojcio@fsclaw.com

**ATTORNEYS FOR KAJEET, INC.**

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

        */s/ Katherine P. Chiarello*
Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@wittliffcutter.com
WITTLIFF | CUTTER, PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 649.2434 office
(512) 960.4869 facsimile

Charanjit Brahma (pro hac vice)
Benesch Friedlander Coplan & Aronoff LLP
One Market Street, Spear Tower
36th Floor
San Francisco, CA 94105
(628) 600.2241 office
(628) 221.5828 facsimile

Manish Mehta (pro hac vice)
Benesch Friedlander Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
(312) 212.4953 office
(628) 221.5828 facsimile

***Attorneys for Defendant Trend Micro Incorporated***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 20, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

        */s/ Corby R. Vowell*
Corby R. Vowell