IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KAJEET, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:21-cv-389-ADA |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| TREND MICRO, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR TRANSFER OF VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA OR ALTERNATIVELY TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

i

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. KAJEET DOES NOT OPPOSE AN INTRA-DISTRICT
TRANSFER TO THE AUSTIN DIVISION .......................................................................3

III. BALANCING THE PRIVATE AND PUBLIC FACTORS
UNDER §1404 DOES NOT JUSTIFY TRANSFER TO
NORTHERN DISTRICT OF CALIFORNIA ...................................................................5

    A. Private Interest Factors ............................................................................................7

        1. The relative ease and access of proof ...........................................................7

        2. Availability of compulsory process ..............................................................8

        3. Cost of attendance of willing witnesses .......................................................8

    B. Public Interest Factors ............................................................................................10

        1. Court congestion ........................................................................................10

        2. Local interest .............................................................................................10

        3. Familiarity with governing law and avoidance of conflict of laws ......11

IV. CONCLUSION ..................................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases:**                                                                                                          **Page(s)**

*BBC Chartering & Logistic GmbH & Co. K.G. v. Siemens Wind Power A/S*,
    546 F. Supp. 2d 437, 449 (S.D. Tex. 2008) ....................................................................... 10

*Cont'l Airlines, Inc. v. Am. Airlines, Inc.*
    805 F. Supp. 1392, 1397 (S.D. Tex. 1992) .......................................................................... 8

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
    2015 U.S. Dist. LEXIS 53687, at *27 (E.D. Tex. April 24, 2015) ...................................... 9

*Datascape, Ltd. v. Dell Techs., Inc.*
    2019 U.S. Dist. LEXIS 154170, at *8-9 (W.D. Tex. June 7, 2019) .................................... 4

*Express Mobile, Inc. v. Atlassian Corp. PLC*,
    2021 U.S. Dist. LEXIS 143535, at *24-25 (W.D. Tex. August 2, 2021). ........................ 10

*Expressjet Airlines, Inc. v. RBC Capital Mkts. Corp.*,
    2009 U.S. Dist. LEXIS 64411, at *24 (S.D. Tex. July 27, 2009) ........................................ 8

*Freshub, Inc. v. Amazon.com Inc.*
    2019 U.S. Dist. LEXIS 233993 at *4-5 (W.D. Tex. September 9, 2019) ............................ 4

*In re Genentech,*
    566 F.3d 1338, 1342 (Fed. Cir. 2009) ................................................................................ 6

*Hammond Dev. Int'l, Inc. v. Google LLC*
    2020 U.S. Dist. LEXIS 110984, at *18 (W.D. Tex. June 24, 2020) ............................... 4, 7

*Invicta Networks, Inc. v. Trend Micro Inc.*
    No. 6:20-cv-766 ADA, Dkt. No. 15 (W.D. Tex. Jan. 14, 2021) ......................................... 4

*Kajeet, Inc. v. Circle Media Labs, Inc.*
    No. 8:18-cv-01312, Dkt. No. 1 (C.D. Cal. Jul. 27, 2018) ................................................... 3

*Kajeet, Inc. v. Infoweise Pty. Ltd.*
    No. 6:21-cv-704 ADA, Dkt. No. 1 (W.D. Tex. July 7, 2021) ............................................ 3

*Kajeet, Inc. v. Lightspeed Solutions, LLC*
    No. 6:20-cv-203 ADA, Dkt. No. 37 (W.D. Tex. Oct. 20, 2020) ........................................ 4

*Kajeet, Inc. v. Lumen Technologies, Inc.*
    No. 6:21-cv-705 ADA, Dkt. No. 1 (W.D. Tex. July 7, 2021) ............................................ 3

*Kajeet, Inc. v. Qustodio, LLC*
       No. 8:18-cv-01519, Dkt. No. 1 (C.D. Cal. Aug. 24, 2018) .................................................. 3

*Kajeet, Inc. v. Viasat, Inc.*
       No. 6:21-cv-707 ADA, Dkt. No. 1 (W.D. Tex. July 8, 2021) .............................................. 3

*Kroy IP Holdings, LLC v. Starbucks Corp.*,
       2014 U.S. Dist. LEXIS 138047, at *6 (E.D. Tex. Sept. 30, 2014) ....................................... 9

*Lake Cherokee Hard Drive Technologies, LLC v. Bass Computers*,
       2012 U.S. Dist. LEXIS 17749 at *16-17 (E.D. Tex. February 13, 2012) ........................ 5, 6

*In re Nintendo Co.,*
       589 F.3d 1194, 1197 (Fed. Cir. 2009) .............................................................................. 5, 6

*SMI-Owen Steel Co. v. St. Paul Fire & Marine Ins. Co.*,
       113 F. Supp. 2d 1101, 1105 (S.D. Tex. 2000) ..................................................................... 8

*In re TS Tech USA Corp.*
       551 F.3d 1315, 1319 (Fed. Cir. 2008) .............................................................................. 5, 6

*In re Volkswagen AG (Volkswagen I)*
       371 F.3d 201, 203 (5th Cir. 2004 ......................................................................................... 6

*In re Volkswagen of Am., Inc. (Volkswagen II),*
       545 F.3d 304, 315 (5th Cir. 2008) (en banc) ............................................................... 5, 6, 8

*Xtreme Indus., LLC v. Gulf Copper & Mfg. Corp.*,
       2010 U.S. Dist. LEXIS 126913, at *13 (S.D. Tex. Dec. 1, 2010) ....................................... 9

**Other:**

28 U.S.C. § 1404(a) ........................................................................................... 1, 4, 5, 9

Plaintiff Kajeet, Inc. ("Plaintiff" or "Kajeet") respectfully submits this response to Trend Micro, Inc.'s ("Defendant" or "Trend Micro") Motion for Transfer of Venue to the Northern District of California or Alternatively to the Austin Division of the Western District of Texas. ("Motion"). For the foregoing reasons, Defendant's Motion should be denied, or alternatively the case should be transferred to the Austin Division but remain on this Court's docket. Trend Micro has not argued that venue is improper in the Waco Division but instead focuses on an inconvenience argument under §1404. Given the facts at issue here, there is no reason to justify a transfer from this District to another forum. If this case is transferred at all, it should be to the Austin Division. In the meet and confer described in Trend Micro's Motion on July 9, 2021, counsel for both parties discussed the intra-district transfer that Trend Micro now seeks. During the conference, Kajeet agreed to have the case transferred to the Austin Division as long as the parties requested that it stay on this Court's docket. Trend Micro would not agree to these terms and subsequently filed this Motion.

## I.    INTRODUCTION

Kajeet filed its Complaint in this case on April 21, 2021 alleging that Trend Micro infringes claims 1 and 27 of U.S. Patent No. 8,667,559 ("the '559 patent"). The '559 patent describes improved control schemes implemented on communication devices, focusing on applications in which it is undesirable for the user of the communication device to have unfettered or unconstrained access to some or all of the available functionality supported by the communication device. A typical scenario addressed by the '559 is that of a smartphone, tablet, or laptop used by a child. This is a relatively new problem that has arisen in the past decade as mobile communication devices have become more popular and more widely used throughout society, including in schools and at home by children. The '559 patent discloses systems in which policies related to functions

1

of the communication device can be set and stored on a server by a parent or administrator to control the user's access to certain functions on the device or time limits on usage. Trend Micro designs, develops and sells several products such as the Trend Micro Premium Security Suite, Maximum Security, Internet Security, and Mobile Security products that include parental control features, some of which are implemented using and incorporating the technology of the '559 Patent.

Trend Micro has significant ties to the Western District of Texas as well as the State of Texas as a whole. It maintains an office in Austin, Texas housing more than a hundred employees. Motion, Exh. A, at ¶ 7. Its US headquarters is located in Irving, Texas approximately a 1.5 hour drive from the Waco Division. While Trend Micro has an office in San Jose, California, the only relevance to its location is that the marketing and advertising functions for the Accused Products are provided by employees of that office. *Id.*, at ¶ 5. Trend Micro employees in its Irving headquarters are responsible for sales and financial information for the Accused Products. *Id.*, at ¶ 8. In addition, Trend Micro admits that the relevant technical documents, source code, and technical witnesses for the Accused Products are in Taipei, Taiwan. *Id.*, at ¶ 6.

There is no basis for Trend Micro to argue that travel for its Taiwan based employees is more convenient to San Jose rather than to 1) Austin, Texas where it also maintains an office with an international airport, or 2) Irving, Texas where its headquarters is located just a short drive from the Court in Waco. Notably, Trend Micro admits that it "can easily make its [foreign] witnesses available for depositions at either" the Austin or San Jose office. *Id.*, at ¶ 12. In addition, Trend Micro argues several times that its source code and other technical documents currently located in Taiwan "can be made available at the San Jose office". *Id.*, at ¶ 11; Motion, at p. 7.  If that is true, then Trend Micro should have no problem providing access to those documents and source code

at least in its Austin or Irving offices.

Trend Micro also contends that the case should be transferred to Northern California because Kajeet previously filed and litigated cases involving the same patent against parties in the Central District of California. *See*, *Kajeet, Inc. v. Qustodio, LLC*, No. 8:18-cv-01519, Dkt. No. 1 (C.D. Cal. Aug. 24, 2018); *Kajeet, Inc. v. Circle Media Labs, Inc.,* No. 8:18-cv-01312, Dkt. No. 1 (C.D. Cal. Jul. 27, 2018). These prior litigations were against two other defendants with a different set of facts. Namely, those defendants had ties to the Central District of California rather than the Western District of Texas. Those litigations have now been resolved and are no longer pending. Nothing about Kajeet's prior litigations in the Central District of California provide support for a transfer to the Northern District of California in this matter.

Further, Kajeet currently has three more recently filed patent cases against separate companies in this District. *See*, *Kajeet, Inc. v. Viasat, Inc.*, No. 6:21-cv-707 ADA, Dkt. No. 1 (W.D. Tex. July 8, 2021); *Kajeet, Inc. v. Lumen Technologies, Inc.,* No. 6:21-cv-705 ADA, Dkt. No. 1 (W.D. Tex. July 7, 2021); *Kajeet, Inc. v. Infoweise Pty. Ltd.*, No. 6:21-cv-704 ADA, Dkt. No. 1 (W.D. Tex. July 7, 2021). These three cases involve the same patent ('559 patent) and will necessarily have overlapping factual and legal issues with this litigation, such as validity and claim construction. Accordingly, it makes sense for this case to remain on this Court's docket. Kajeet does have three additional cases involving the '559 patent that are currently pending in the District of Delaware. However, it would better to keep this case here in this District even if it is transferred to Austin.

## II.     KAJEET DOES NOT OPPOSE AN INTRA-DISTRICT TRANSFER TO THE AUSTIN DIVISION

As explained to Trend Micro in the meet and confer, Kajeet does not oppose an intra-district transfer to the Austin Division. Kajeet merely requested that Trend Micro agree to keep

the case on this Court's docket as it now routinely does. Trend Micro correctly points out that Kajeet ultimately did not oppose an intra-district transfer from Waco in another matter that was previously pending in this District. *See Kajeet, Inc. v. Lightspeed Solutions, LLC*, No. 6:20-cv-203 ADA, Dkt. No. 37 (W.D. Tex. Oct. 20, 2020). In that case the parties agreed to the transfer but requested that the Court keep the case on its docket. *Id.*

In its Motion, Trend Micro requests that the Court follow its prior decision in the *DataScape* case. Motion, at p. 2. In that case, the Court did exactly what Kajeet requested of Trend Micro during the meet and confer, i.e., the Court should maintain this litigation on its docket even though it granted the intra-district transfer. *Datascape, Ltd. v. Dell Techs., Inc.*, 2019 U.S. Dist. LEXIS 154170, at *8-9 (W.D. Tex. June 7, 2019).

This Court has granted an intra-district transfer from the Waco Division to the Austin Division in other cases where it maintained the case on its docket. *See Freshub, Inc. v. Amazon.com Inc.*, 2019 U.S. Dist. LEXIS 233993 at *4-5 (W.D. Tex. September 9, 2019) (granting intra-district transfer to Austin where defendant had an office location, while keeping case on its docket); *See also Hammond Dev. Int'l, Inc. v. Google LLC*, 2020 U.S. Dist. LEXIS 110984, at *18 (W.D. Tex. June 24, 2020) (denying transfer to N.D. Cal. based on §1404(a) but granting intra-district transfer to Austin while keeping case on its docket). Trend Micro has provided no basis for suggesting the Court depart from its typical practice when granting an intra-district transfer.

Finally, Trend Micro, itself, has previously agreed to an intra-district transfer from the Waco to Austin Division in another patent case. *See Invicta Networks, Inc. v. Trend Micro Inc.*, No. 6:20-cv-766 ADA, Dkt. No. 15 (W.D. Tex. Jan. 14, 2021). Notably, in that case, Trend Micro agreed that Austin was a convenient forum but that the Court should maintain the case on its docket as Kajeet requests in this case. *Id.* There is no reason that Trend Micro should not agree to the

4

same arrangement here and avoid burdening the Court with deciding this Motion.

Given the parties' agreement that the Austin Division is a convenient forum for both parties for this litigation, Kajeet requests that the Court maintain this case on its docket and transfer it to Austin rather than the Northern District of California.

### III.   BALANCING THE PRIVATE AND PUBLIC FACTORS UNDER §1404 DOES NOT JUSTIFY TRANSFER TO NORTHERN DISTRICT OF CALIFORNIA

Change of venue is governed by 28 U.S.C. § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Nintendo Co.,* 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc. (Volkswagen II),* 545 F.3d 304, 315 (5th Cir. 2008) (en banc). As evidenced by the statements made by Trend Micro in its Motion, the Northern District of California is not more convenient than this District.

Prior to undertaking an analysis of the "private" and "public" factors discussed below, the Court should undertake an analysis of the burden of proof to be applied in a Motion to Transfer. *Lake Cherokee Hard Drive Technologies, LLC v. Bass Computers*, 2012 U.S. Dist. LEXIS 17749 at *16-17 (E.D. Tex. February 13, 2012). As the Fifth Circuit stated:

> Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer. Thus, our analysis directly manifests the importance that we must give to the plaintiff's choice.

*Volkswagen II,* 545 F.3d at 314 n.10. Further, "[t]he Fifth Circuit does not consider the plaintiff's choice of venue independently but instead as part of the burden.... But because the plaintiff's choice

5

of venue is taken into account in the burden on the movant, the Court, in accordance with the Fifth Circuit, recognizes the significance of the burden and does not take it lightly." *Lake Cherokee*, 2012 U.S. Dist. LEXIS 17749 at *16. Because of the Defendant's ties to this District, Plaintiff chose to bring the litigation in this Court. Thus, Plaintiff's choice of forum should be given significant weight, and Plaintiff asks the Court to give this choice deference when weighing the private and public interest factors.

Once Plaintiff's choice of forum has been analyzed, and the transferee district is a proper venue, , then the Court must weigh the relative public and private factors of the current venue against the transferee venue. *In re Volkswagen AG (Volkswagen I),* 371 F.3d 201, 203 (5th Cir. 2004). In making such a convenience determination, the Court considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo,* 589 F.3d at 1198; *In re Genentech,* 566 F.3d 1338, 1342 (Fed. Cir. 2009); *TS Tech.,* 551 F.3d at 1319; *Volkswagen II,* 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo,* 589 F.3d at 1198; *Genentech,* 566 F.3d at 1342; *TS Tech.,* 551 F.3d at 1319; *Volkswagen II,* 545 F.3d at 315. In this case, a balancing of these factors shows that Trend Micro has not met its burden of showing that the Northern District of California is clearly more convenient.

### A.     Private Interest Factors

#### 1.     The relative ease and access of proof

When weighing the relative ease of access to proof, a court considers where the parties store documentary evidence, such as documents and physical evidence. *Hammond Dev. Int'l, Inc.*, 2020 U.S. Dist. LEXIS 110984, at *6 (W.D. Tex. June 24, 2020). Here, the relevant documents that Kajeet has are already located in Fort Worth, Texas at the offices of its outside counsel. These documents relate to the '559 patent, its file history, Kajeet's license or settlement agreements, and documents related to Trend Micro's Accused Products.

Trend Micro has identified three different categories of documents it has that may be relevant to this case: 1) technical documents, 2) sales documents and financial information, and 3) marketing and advertising documents. Motion, at pp. 6-7. The primary documents and evidence that Kajeet will seek in discovery are technical documents about the design of the products, including source code, as well as sales and other financial information. Trend Micro has clarified that all of the technical documents and source code are currently located in Taiwan. Motion, Exh. A, at ¶¶ 6, 11. These are necessary for Kajeet to develop its evidence of infringement. And while they are currently in Taiwan, Trend Micro clearly describes that the technical documents can be made available at its San Jose office, so there is no basis for Trend Micro to say that it cannot make those same documents and source code available in its Austin office located in this District.

Trend Micro maintains documents and evidence related to sales of the Accused Products in its headquarters in Irving, Texas which is a short distance away from the Waco Division. These documents and employees that can testify about them will be highly relevant to damages issues in the case. The last category of documents described by Trend Micro are those related to marketing and advertising of the Accused Products. While these types of documents may have some

relevance, they are not the key technical and sales documents that will be crucial to the case. Because the core documents and evidence that are relevant to this case can be made available in this District, or are available in its Irving headquarters, this factor should weigh in favor of denying Trend Micro's Motion.

### 2. Availability of compulsory process

The next "private" interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II,* 545 F.3d at 316. Here, neither district has absolute subpoena power for both deposition and trial. Further, neither party has identified any third-party witnesses at this time.

It appears that the party witnesses identified by Trend Micro are their own employees. *See* Defendant's Motion, at pp. 6-7. As such, Trend Micro can compel their testimony in any district in which this case is litigated. *See Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992) ("where, as here, the key witnesses are …employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial."); *Expressjet Airlines, Inc. v. RBC Capital Mkts. Corp.*, 2009 U.S. Dist. LEXIS 64411, at *24 (S.D. Tex. July 27, 2009); *SMI-Owen Steel Co. v. St. Paul Fire & Marine Ins. Co.*, 113 F. Supp. 2d 1101, 1105 (S.D. Tex. 2000). Because Trend Micro has stated that its technical witnesses with knowledge of the design and operation of the Accused Products in Taiwan can easily be made available in its Austin office, this factor should weigh against transfer to California.

### 3. Cost of attendance of willing witnesses

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Western District of Texas versus the Northern District of California. The relative convenience of

prospective witnesses in a case is often recognized as the most important factor under § 1404(a). *Xtreme Indus., LLC v. Gulf Copper & Mfg. Corp.*, 2010 U.S. Dist. LEXIS 126913, at *13 (S.D. Tex. Dec. 1, 2010); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, 2015 U.S. Dist. LEXIS 53687, at *27 (E.D. Tex. April 24, 2015); *Kroy IP Holdings, LLC v. Starbucks Corp.*, 2014 U.S. Dist. LEXIS 138047, at *6 (E.D. Tex. Sept. 30, 2014).

Kajeet chose this forum because of the connections of the parties to this District (including other pending Kajeet litigations), and although Kajeet's representatives may reside out of the District, they are willing to travel here. And Trend Micro acknowledges that Austin is a convenient forum for Kajeet's traveling witnesses. Motion, at p. 13. More importantly, Trend Micro has made it clear that this District is a convenient forum for its witnesses, whether they are located in its Austin facility, Taiwan, or Northern California. *Id.* For the foreign employees of Trend Micro located in Taiwan there is no evidence that travel to the Northern District of California is more convenient than travel to at least Austin in the Western District of Texas for trial.

Further, Trend Micro confirmed that travel to this District is convenient for its witnesses for deposition or trial, even its foreign witnesses. In his declaration attached to its Motion, Mr. Grutze stated unequivocally that: "Trend Micro can **easily** make its witnesses available for depositions at either [its San Jose, California or Austin, Texas] offices." (emphasis added) Motion, Exh. A, at ¶12. The Motion describes that Trend Micro's Austin facility would "afford the traveling employees a Trend Micro office to work out of during the pendency of trial and other proceedings." Motion, at p. 13.

Because Trend Micro has made it clear that this District is a convenient forum for its witnesses, this factor weighs strongly against transfer.

9

### B. Public Interest Factors

Two of the four public interest factors, court congestion and local interest, strongly favors the Plaintiff's choice of forum. Thus, the public interest factors weigh against transfer of this case.

#### 1. Court congestion

Trend Micro did not address the significant difference in the respective time to trial for patent cases in the Western District of Texas versus the Northern District of California. This Court recently cited to statistics showing that since 2016, the average time to trial for patent cases in Northern District of California was 34.1 months. *See Express Mobile, Inc. v. Atlassian Corp. PLC*, 2021 U.S. Dist. LEXIS 143535, at *24-25 (W.D. Tex. August 2, 2021). In a stark contrast, the Court's Order Governing Proceedings – Patent Case or "OGP" has been setting trials 52 weeks after *Markman* hearings. *Id.* The Court confirmed that it has been able to meet that time-table and that the time to trial in the Western District of Texas is almost 12 months shorter than in the Northern District of California. *Id.*

Accordingly, this factor weighs heavily against transfer of the case.

#### 2. Local interest

"The central question a court must answer when considering the public interest factors is whether the case has a general nexus with the forum sufficient to justify the forum's commitment of judicial time and resources to it." *BBC Chartering & Logistic GmbH & Co. K.G. v. Siemens Wind Power A/S*, 546 F. Supp. 2d 437, 449 (S.D. Tex. 2008). There is undoubtedly a general nexus with the forum in this instance. Trend Micro maintains an office in the Western District of Texas with 140 employees and has not disputed that it sells the Accused Products in this District. The key Trend Micro witnesses that are likely going to have the most relevant information are located in Irving, Texas or Taipei, Taiwan (and who can easily travel to Austin).

These local connections establish that there are local interests in the outcome of this case.

### 3. Familiarity with governing law and avoidance of conflict of laws

Kajeet does not dispute Defendant's position that both this Court and the Northern District of California are equally familiar with the governing patent laws. Likewise, Kajeet does not see any potential issue in this case regarding a conflict of laws. Thus, both of these public interest factors are neutral.

### IV. CONCLUSION

For the foregoing reasons, Kajeet respectfully requests that the Court deny Trend Micro's Motion or in the alternative transfer this case to the Austin Division of the Western District of Texas while maintaining the case on this Court's docket.

Dated: August 23, 2021

Respectfully submitted,

/s/ Corby R. Vowell
Jonathan T. Suder
Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817-334-0400
Fax: 817-334-0401
jts@fsclaw.com
mtc@fsclaw.com
vowell@fsclaw.com
wojcio@fsclaw.com

**ATTORNEYS FOR KAJEET, INC.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 23rd day of August, 2021, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Western District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                /s/ Corby R. Vowell