**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| KAJEET, INC. | ) | |
|     Plaintiff, | ) ) ) | CASE NO. 6:21-CV-389-ADA |
| v. | ) ) | **JURY TRIAL REQUESTED** |
| TREND MICRO, INC., | ) ) ) | |
|     Defendant. | ) ) | |

**DEFENDANT TREND MICRO, INC.'S REPLY BRIEF IN SUPPORT OF
MOTION FOR TRANSFER OF VENUE TO THE NORTHERN DISTRICT OF
CALIFORNIA OR ALTERNATIVELY TO THE AUSTIN DIVISION OF THE
<u>WESTERN DISTRICT OF TEXAS</u>**

## TABLE OF CONTENTS

I. Kajeet Overstates the Convenience of Austin for Trend Micro's Witnesses And Ignores the Convenience of the Northern District of California for Its Own .......................... 2

II. Kajeet Places Undue Weight On Its Choice of Forum—Multiple Times. .............................. 3

    A. Relative Ease of Access to Proof ........................................................................... 3

    B. Kajeet's Other Recently Filed Suits in This District ......................................................... 4

III. When Properly Considered, The Two Public Interest Factors Kajeet Cites As Weighing Against Transfer Actually Favor Transfer Or Are Neutral. .................................... 4

    A. Court Congestion ................................................................................................. 4

    B. Local Interest ....................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Auto-Dril, Inc. v. Pason Sys. USA Corp.*,
  6:15-CV-00093, 2015 WL 1280779 (W.D. Tex. June 29, 2015) ..............................................2

*Hammond Dev. Int'l, Inc. v. Google LLC*,
  2020 U.S. Dist. LEXIS 110984 (W.D. Tex. June 24, 2020) .......................................................3

*Healthpoint, Ltd. v. Derma Scis., Inc.*,
  939 F. Supp. 2d 680 (W.D. Tex. 2013) ......................................................................................3

*In re Adobe Inc.*,
  823 Fed. Appx. 929 (Fed. Cir. 2020) ..........................................................................................5

*In re Apple*,
  979 F.3d 1332 (Fed. Cir. 2020) ..................................................................................................5

*In re Hoffman-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ..................................................................................................5

*In re Hulu, LLC*,
  __ Fed. Appx. __, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) .................................................5

*In re Samsung Elecs. Co.*,
  2 F.4th 1371 (Fed. Cir. 2021) .....................................................................................................4

*In re Tracfone Wireless*,
  852 Fed. Appx. 537 (Fed. Cir. 2021) ..........................................................................................5

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ..................................................................................................5

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ......................................................................................................3

Kajeet's opposition to Trend Micro's motion to transfer merely reinforces that the Northern District of California is the more appropriate venue for this case. Alternatively, Kajeet admits that, at the very least, intra-district transfer to Austin is appropriate, since neither Kajeet nor Trend Micro have any connection to Waco.

Kajeet's accession to *intra*-district transfer is unsurprising. Its brief makes it abundantly clear that Kajeet had no legitimate reason to file this case here in the first place. Kajeet concedes that Trend Micro has no business location, employees or documentary evidence in the Waco Division. Nor does Kajeet, whose only business operations are in Virginia. And while Kajeet suggests that this Court should keep the case in the event of an intra-district transfer, given the early stage of the case, it points to no reason why the Court should do so. The Court has yet to take any action in this case, so there is no reason why this case should not be normally assigned to a judge in the Austin Division if transferred there. Kajeet's only justification for this Court keeping the case on its docket is its three recently filed suits here. But as discussed below in Section II.B., Kajeet had no more reason to file those suits in the Waco Division than it did this one.

With respect to *inter*-district transfer, Kajeet does not identify a single witness for whom this District is more convenient than the Northern District of California, nor does Kajeet contest that Trend Micro's only relevant U.S. witnesses reside in that venue. Likewise, Kajeet points to no documentary evidence that lies uniquely in this District. At most, Kajeet argues Trend Micro maintains sales documents in Irving in the *Northern* District of Texas. (Dkt. No. 21 at 7.)

With no actual witnesses or evidence tying this case to this District, Kajeet invites the Court to commit error by focusing on irrelevant issues. For example, Kajeet improperly points to its recent choice to file additional suits in this District and to Trend Micro's agreement that Austin

was a convenient forum in a wholly unrelated case[1] involving different patents and accused products. But when this Court limits its analysis to the relevant facts, it can only conclude that the Northern District of California is the more appropriate venue for this case.

I. **Kajeet Overstates the Convenience of Austin for Trend Micro's Witnesses And Ignores the Convenience of the Northern District of California for Its Own**

Kajeet's opposition repeatedly relies on Trend Micro's admission that it can make its foreign witnesses available for depositions in Austin, Texas or San Jose, California. (Dkt. No. 21 at 2, 8, 9 (citing Dkt. No. 19-1 ¶ 12).) But in discussing the private interest factors of "availability of compulsory process"[2] and "cost of attendance of willing witnesses," Kajeet twists the equal convenience of both this District and Northern California for *one subset* of Trend Micro witnesses to suggest that these factors somehow "weigh[s] strongly against transfer." (Dkt. No. 21 at 8, 9.)

Kajeet takes Trend Micro's statements arguing for *intra*-district transfer out of context. Trend Micro has acknowledged that Austin is more convenient than Waco, but at no time has Trend Micro suggested that Austin is a more convenient venue than the Northern District of California for any of its witnesses. (Dkt. No. 19 at 13 ("Even for Trend Micro's San Jose employees, travel from San Jose to Austin is substantially *more convenient than traveling to Waco*….").) And while in discussing its *foreign* witnesses, Trend Micro acknowledged that it

---

[1] Unlike here, in *Invicta Networks, Inc. v. Trend Micro, Inc.*, Case No. 6:20-cv-00766, the parties filed a joint motion for intra-district transfer in which they agreed that "documents and witnesses that may be relevant to [that case] are also located in Austin, Texas." (Brahma Dec., Ex. A, *Invicta* Dkt. No. 15 at 1.) Kajeet has offered no explanation why the Austin witnesses and evidence in the *Invicta* case would be relevant here, much less more relevant than the San Jose witnesses and evidence Trend Micro has already identified.

[2] Kajeet mistakenly discusses this factor, even though it freely admits neither side has identified any unwilling third-party witnesses for whom compulsory process would be necessary. (Dkt. No. 21 at 8.) Accordingly, this factor must be viewed as neutral. *Auto-Dril, Inc. v. Pason Sys. USA Corp.*, 6:15-CV-00093, 2015 WL 1280779, at *3 (W.D. Tex. June 29, 2015) (quoting *Healthpoint, Ltd. v. Derma Scis., Inc.*, 939 F. Supp. 2d 680, 689 (W.D. Tex. 2013)).

could "easily make its witnesses available for depositions at either" San Jose or Austin (Dkt. No. 19-1 ¶ 12), that neither suggests Austin is more convenient for those foreign witnesses nor speaks to the significantly lesser convenience of Austin for Trend Micro's San Jose employees.

At the same time, while Kajeet argues that its "representatives" are willing to travel to Waco or, more conveniently, Austin (Dkt. No. 21 at 9), Kajeet offers no reason why its witnesses—none of whom reside in Texas—could not travel to California. Trend Micro has already shown, and Kajeet does not contest, that even for Kajeet's witnesses, air travel to the Northern District of California would be more convenient. (Dkt. No. 19 at 9-10.)  Accordingly, the private interest factor of "cost of attendance of willing witnesses," favors transfer.

## II. Kajeet Places Undue Weight On Its Choice of Forum—Multiple Times.

Contrary to this Court's and the Fifth Circuit's precedent, Kajeet asks this Court to place inordinate emphasis on its choice of forum. First, it openly asks the Court to improperly give its choice of forum "significant weight" and "deference when weighing the private and public interest factors." (Dkt. No. 21 at 6.) But in *Hammond Dev. Int'l, Inc. v. Google LLC*, 2020 U.S. Dist. LEXIS 110984 (W.D. Tex. June 24, 2020), which Kajeet itself cites, this Court explained that "[a] plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and *courts must not give inordinate weight to a plaintiff's choice of venue*." *Id.* at *5 (emphasis added) (citing *In re Volkswagen of Am., Inc. (Volkswagen II),* 545 F.3d 304, 314 n.10 (5th Cir. 2008) (*en banc*)). Kajeet then asks this Court to compound the mistake of "deferring" to its choice of venue by indirectly considering the same improper fact at least twice more in various guises.

### A. Relative Ease of Access to Proof

Kajeet improperly suggests the Court should give weight to its litigation-driven decision to place its documents at the Fort Worth offices of its outside counsel. (Dkt. No. 21 at 7.) As an initial matter, Fort Worth lies in the Northern, not Western, District of Texas. But even so, it is

3

well-settled that where a plaintiff's placement of documents in this District is "recent, ephemeral, and a construct for litigation," that fact is entitled to no weight in the Section 1404 transfer analysis. *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1378 (Fed. Cir. 2021).

### B. Kajeet's Other Recently Filed Suits in This District

Kajeet wrongly asks the Court to consider the other lawsuits it filed in this District alleging infringement of the Asserted Patent. (Dkt. No. 21 at 3, 9.) Tellingly, Kajeet chose to file all three of those cases more than two months *after* this one on July 7 and 8, 2021. Those cases, like this one, are in their infancy, and it is not yet clear whether the defendants in those cases will also seek transfer. Like Trend Micro, those defendants appear to have no connection to the Waco Division. Moreover, two of those three defendants—Viasat, Inc. and Lumen Technologies, Inc.— have connections to California or to Delaware, where Kajeet has three pending, earlier-filed cases on the same patent.[3] (*See* Id., Ex. C, Case No. 6:21-cv-707 Dkt. No. 1, Complaint ¶ 2 ("Defendant VIASAT, INC. ("Defendant" or "Viasat") is a limited liability company organized under the laws of Delaware with a principal place of business at 6155 El Camino Real, Suite 1500, Carlsbad, California 92009"); Id., Ex. D (Viasat website: https://www.viasat.com/locations/?location=carlsbad-ca-corporate-headquarters) at 1 (location in San Jose, in addition to Carlsbad, California headquarters); Id., Ex. E (Lumen Technologies website: https://www.lumen.com/en-us/contact-us.html) at 1 (locations in Santa Clara and Los Angeles).

### III. When Properly Considered, The Two Public Interest Factors Kajeet Cites As Weighing Against Transfer Actually Favor Transfer Or Are Neutral.

#### A. Court Congestion

---

[3] The third defendant, Infoweise Pty. Ltd., appears to be an Australian company with no U.S. locations, much less one in this District. (*See* Brahma Dec., Ex. B, Case No. 6:21-cv-00704 Dkt. No. 1, Complaint ¶¶ 2, 5 ("Upon information and belief, Defendant does not maintain a place of business anywhere within the United States."))

Kajeet asks the Court to improperly compare the pandemic-delayed median time-to-trial statistics for the entire Northern District of California against this Court's general ability to set a fast-paced schedule. Just three weeks ago, the Federal Circuit rejected that very approach, noting the latter was "not particularly relevant." *See In re Hulu, LLC*, __ Fed. Appx. __, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021) (citing *In re Apple*, 979 F.3d 1332, 1344 (Fed. Cir. 2020) and *In re Adobe Inc.*, 823 Fed. Appx. 929, 932 (Fed. Cir. 2020)). This Court's recent time-to-trial track record is of scant relevance in this case, since Kajeet has previously resolved thirteen cases involving the Asserted Patent without once coming anywhere close to trial. But even if that is the Court's sole consideration in evaluating this factor, Kajeet's pandemic-infected statistics bear little relation to the current situation in the Northern District of California, where courts are again open for trial. (Brahma Dec., Ex. F, General Order No. 78 at 1 (Civil Cases ¶ 1).)

**B.    Local Interest**

Kajeet incorrectly suggests that the Western District of Texas has a local interest in this case because Trend Micro "sells the Accused Products in this District."  But Trend Micro sells the Accused Products nationwide, not just in this District. "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue …." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008)); *see also In re Tracfone Wireless*, 852 Fed. Appx. 537, 540 (Fed. Cir. 2021) (granting mandamus and ordering transfer noting that in assessing local interest, national sale of accused product should not outweigh "significant connections between a particular venue and the events that give rise to a suit"). Contrary to Kajeet's argument, Trend Micro's California incorporation, its substantial and longstanding presence in San Jose and the existence of its advertising and marketing documents and witnesses at that location clearly tip this factor in favor of transfer to the Northern District of California.

Dated: August 30, 2021 	Respectfully submitted,

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@wittliffcutter.com

WITTLIFF | CUTTER, PLLC
1209 Nueces Street
Austin, Texas 78701
Tel: (512) 649.2334
Fax: (512) 960.4869

Charanjit Brahma (*pro hac vice*)
BENESCH FRIEDLANDER
    COPLAN & ARONOFF LLP
One Market Street, Spear Tower
36th Floor
San Francisco, CA 94105
Tel: (628) 600.2241
Fax: (628) 221.5828
CBrahma@beneschlaw.com

Manish Mehta (*pro hac vice*)
BENESCH FRIEDLANDER
    COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Tel: (312) 212.4953
Fax: (628) 221.5828
MMehta@beneschlaw.com

***Attorneys for Defendant Trend Micro Incorporated***

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 30, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ *Katherine P. Chiarello*
Katherine P. Chiarello