UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KAJEET, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TREND MICRO INC., <br><br> Defendant. | Civil Action No. 6:21-cv-389-ADA <br><br> **JURY TRIAL DEMANDED** |

**CLAIM CONSTRUCTION ORDER**

Before the Court are the Parties' claim construction briefs: Plaintiff Kajeet, Inc.'s responsive and sur-reply briefs (ECF Nos. 35 and 41, respectively) and Defendant Trend Micro Inc.'s opening and reply briefs (ECF No. 29 and 37, respectively). The Court held the Markman hearing on January 24, 2022. During that hearing, the Court informed the Parties of the constructions it intended to provide for all terms. This Order does not alter any of those constructions.

**I. STANDARD OF REVIEW**

Generally, courts construe claim terms according to their plain and ordinary meaning. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*). The Federal Circuit applies a "heavy presumption" in favor of construing terms according to their plain and ordinary meaning, that is, the "meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014) (vacated on other grounds); *Phillips*, 415 F.3d at 1313. The "only two exceptions to [the] general rule" that claim terms are construed according to their plain and ordinary meaning are

when the patentee acts as his own lexicographer or disavows the full scope of the claim term either in the specification or during prosecution. *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). To act as his own lexicographer, the patentee must "clearly set forth a definition of the disputed claim term," and "clearly express an intent to define the term." *Id.* at 1365. To disavow the full scope of a claim term, the patentee's statements in the specification or prosecution history must represent "a clear disavowal of claim scope." *Id.* at 1366. Accordingly, when "an applicant's statements are amenable to multiple reasonable interpretations, they cannot be deemed clear and unmistakable." *3M Innovative Props. Co. v. Tredegar Corp.*, 725 F.3d 1315, 1326 (Fed. Cir. 2013).

While the specification "may aid the court" in analyzing disputed language in a claim, "particular embodiments and examples appearing in the specification will not generally be read into the claims." *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (internal citations omitted). Absent a "clear indication in the intrinsic record that the patentee intended the claims to be…limited," courts do not read limitations found in the specification into the claims. *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004).

## II. DISCUSSION

The Court's constructions are as follows:

| Term | Plaintiff's Proposal | Defendants' Proposal | The Court's Final Constructions |
|---|---|---|---|
| "request" | "communication seeking permission" | No construction is necessary. The term should be given its plain and ordinary meaning. | No construction is necessary. The term should be given its plain and ordinary meaning. |
| "the decision being based on | No construction necessary – plain and | "the decision results from the server applying a policy to | No construction is necessary. The term should be given its plain and ordinary meaning. |

| Term | Plaintiff's Proposal | Defendants' Proposal | The Court's Final Constructions |
|---|---|---|---|
| a policy stored at the server" | ordinary meaning shall apply. | the request sent by the computing device" | |

SIGNED this 12th day of May, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE